John J. Flanagan, Appellant, *v.* Philadelphia, Wilmington and Baltimore Railroad Company.

*Negligence—Railroads—Stations—Alighting from trains—Crossing tracks.*

It is the duty of a railroad company to provide a safe and convenient means of passage to and from its passenger cars, and it is the duty of a passenger to comply with the company's reasonable rules and regulations for entering and leaving the cars, by using the way provided.

Knowledge by a passenger that a safe and convenient platform has been provided by the railroad company is notice to him of a rule that passengers should get off and on the cars at that place.

If the way provided by a railroad company for a station is across a track, a passenger may rely upon the performance by the company of the duty to keep the track clear while passengers are in the act of passing between the train and the station; but this is only the case when a way is provided and the passenger is impliedly invited to take it. If he disregards the rules of the company by passing to or from the cars on the opposite side from the station or platform he does so at his peril,

In an action by a passenger against a railroad company to recover damages for personal injuries, it appeared that the plaintiff was injured at a station where there were five tracks. An elevated platform extended along the side of the track nearest the station, and from this platform steps led to two overhead crossings, one north and one south of the station. The space between the tracks had been planked for the convenience of the employees of the road and of passengers who might want to reach the fifth track, which at this point branched from the main line. The plaintiff, who was familiar with the locality, came to the station on a train which ran on the second track, alighted from the train on the side furthest from the station and platform, with the intention of walking across the third, fourth and fifth tracks in order to reach by a shorter route the works at which he was employed. The morning was dark and stormy, and as he stepped upon the third track, almost immediately after alighting from the train, he was struck by a car which was running at the rate of six or eight miles an hour, and which could have been seen by him when it was at least sixty feet distant.

Argued March 29, 1897.   Appeal, No. 47, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Jan. T., 1896, No. 47, of nonsuit.   Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ.   Affirmed.

Trespass for personal injuries.

At the trial it appeared that plaintiff was injured at about half past six o'clock on the morning of December 11, 1894, at Grays Ferry Station.   He lived at Chester, and was employed at a coal car works at 39th street and Grays Ferry road, on the east side of the Schuylkill river in Philadelphia.   For about two months prior to the accident plaintiff had been in the habit of leaving Chester at 5:50 each morning, and arriving at Grays Ferry Station at about 6:26.   The circumstances of the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* among others was refusal to take off nonsuit.

*A. S. L. Shields,* for appellant.—The nonsuit having been entered upon the ground of contributory negligence by plaintiff, the negligence of defendant may perhaps be assumed; but since all inferences of fact must go against it as on a demurrer to evidence, independently of such assumption if the jury could have found defendant negligent, it must, for the purposes of the case, be taken to have been so: Arnold v. P. & R. R. R., 161 Pa. 1; Ely v. P. C. C. & St. L. Ry., 158 Pa. 233; Pa. R. R. v. Coon, 111 Pa. 430; Maynes v. Atwater, 88 Pa. 496.

It is negligence for a train or car to be suffered to pass a crossing in the dark without a light, or at any time without giving warning of its approach by bell, whistle, or other sound: Wilson v. Pa. R. R., 132 Pa. 27; Ellis v. R. R., 138 Pa. 506; P. F. W. & C. Ry. v. Dunn, 56 Pa. 280; Smith v. B. & O. R. R., 158 Pa. 82; Keng v. B. & O. R. R., 160 Pa. 644.

To detach and send an uncontrolled car where it has tacitly invited the public to be is negligence on the part of a railroad company: Kay v. Pa. R. R., 65 Pa. 269; Patterson's Ry. Accident Law, sec. 180; Butler v. M. & St. P. Ry., 28 Wis. 487; Ferguson v. W. C. R. R., 19 Am. & Eng. R. R. Cases, 285.

And to run a train without warning past a station where another train is receiving or discharging passengers, even upon the side farthest from the station, is negligence of a gross and almost criminal character. The passenger is entitled to every facility in making his entrance and exit, and to freedom from interruption or danger while so doing: Goldberg v. N. Y., C. & H. R. R., 15 N. Y. Supplement, 579; Klein v. Jewett, 26 N. J. Eq. 474; Gonzales v. N. Y. & H. R. R., 39 Howard's Prac., 407; Ray on Negligence of Imposed Duties (Pass.), 134; B. & O. R. R. v. State, 60 Md. 463; 2 Wood's Ry. Law, 1169; Archer v. N. Y., N. H. & H. R. R., 9 Cent. Rep. 233; Pa. R. R. v. White, 88 Pa. 327.

In any event the negligence of defendant was for the jury: Davidson v. L. S. & M. So. Ry., 171 Pa. 522; Longenecker v. Pa. R. R., 105 Pa. 328; McGill v. P. & W. Ry., 152 Pa. 331; Whitman v. Pa. R. R., 156 Pa. 175.

Carriers are bound to use the utmost possible care and diligence for the protection of their passengers: Warren v. Fitchburg R. R., 8 Allen, 227; Allender v. C., R. I. &. P. R. R., 43 Iowa, 276; Hartzig v. L. V. R. R., 154 Pa. 364; 2 Wood's Ry. Law, 1163; Patterson Ry. Acc. Law, sec. 220; 2 Am. & Eng. Ency. of Law, 744.

Where the approach to the cars at the station of a railroad crosses other tracks, the passenger has the right to rely upon the giving of proper signals by a train running upon them. His not looking for such train is not conclusive of negligence on his part. He is not obliged to stop, look or listen: Ray, Neg. of Imp. Duties (Pass), 131, 384; 2 Wood's Ry. Law, page 1183; Terry v. Jewett, 78 N. Y. 338; Brassell v. N. Y., C. & H. R. R. R., 84 N. Y. 241; Sonier v. R. R., 141 Mass. 10; Parsons v. N. Y., C. & H. R. R. R., 113 N. Y. 355; Wheelock v. B. & A. R. R., 105 Mass. 203; Chaffee v. B. & L. R. R., 104 Mass. 108; Ferguson v. W. C. R. R., 19 Am. & Eng. R. R. Cases, 285; B. & O. R. R. v. Kane, 69 Md. 11; P., W. & B. R. R. v. Anderson, 72 Md. 519; Mayo v. B. & M. R. R., 104 Mass. 137.

It is not contributory negligence for a person to get on or off a train at the implied invitation of the company on the side farthest from the station: McQuilkin v. C. P. R. R., 16 Am. & Eng. R. R. Cases, 353; Nicholson v. L. & Y. Ry., 3 Hurl. & Colt, 534; Nichols v. W. O. & W. R. R., 83 Va. 99; Howard's Prac. 407.

It is not negligence per se to cross a railway track which could be avoided by going a considerable distance out of one's way, but it is for the jury to pass upon: Longmore v. Gt. W. Ry., 19 C. B. N. S. 183; Shaw v. Phila., 159 Pa. 487; Millcreek Twp. v. Perry, 10 Cent. Rep. 299; Troxel v. City of Vinton, 77 Iowa, 90; Wilson v. Gravel Road Co., 93 Ind. 287; Shutt v. C. V. R. R., 149 Pa. 266; Irey v. Pa. R. R., 132 Pa. 563; Kohler v. Pa. R. 135 Pa. 346; Hoffmeister v. Pa. R. R., 160 Pa. 569; Pa. R. R. v. Garvey, 108 Pa. 369; Moore v. P., W. & B. R. R., 108 Pa. 349.

Plaintiff cannot be deprived of his right to go to the jury because of an unfavorable fragment of testimony given by one of his witnesses, if on the other evidence he had such right: Kohler v. Pa. R. R., 135 Pa. 346.

The natural conditions of darkness, rain and fog, co-operating with the gross negligence of defendant, were the factors which produced the accident. No negligence of plaintiff can upon the evidence be said to have contributed thereto: Fisher v. M. C. Ry., 131 Pa. 292; Pa. R. R. v. Ackerman, 74 Pa. 265; Drake v. Pa. R. R., 137 Pa. 352; Morgan v. C. & A. R. R., 23 W. N. C. 189; S. S. Pass. Ry. v. Trich, 117 Pa. 390; Behling v. S. W. Pa. Pipe Line, 160 Pa. 359; Wood v. Pa. R. R., 177 Pa. 306; 16 Am. & Eng. Ency. of Law, 436. .

There being evidence from which the jury must infer that plaintiff had both stopped and looked, the trial judge was of opinion that he could not recover unless he adduced positive testimony that he had also listened.    This is directly contradictory of the decided cases: McNeal v. P. & W. Ry., 131 Pa. 184; Gray v. Pa. R. R., 172 Pa. 383.

A traveler will be presumed not to have stopped, looked and listened, or rather, will be held to the consequences of not having done so, not where such action on his part might, but where it must, have averted the accident: Hauser v. Cent. R. R. Co. of N. J., 147 Pa. 440; Schmidt v. P. & R. R. R., 149 Pa. 357.

The time, place and other attendant circumstances under which plaintiff stops, etc., are exclusively for the jury: Bare v. Pa. R. R., 135 Pa. 95; Neiman v. D. & H. Canal Co., 149 Pa. 92; Newhard v. Pa. R. R., 153 Pa. 417; Ellis v. L. S. & M. S. R. R., 138 Pa. 506; McGill v. P. & W. R., 152 Pa. 331; Philpott v. Pa. R. R., 175 Pa. 570.

The presumption that the traveler has stopped, looked and listened obtains until rebutted.   It is not incumbent on plaintiff to show that he did so: Pa. R. R. v. Weber, 76 Pa. 157; Weiss v. Pa. R. R., 79 Pa. 387; Schum v. Pa. R. R., 107 Pa. 8; P. & T. R. R. v. Hagan, 47 Pa. 244; L. V. R. R. v. Hall, 61 Pa. 361; R. & C. R. R. Co. v. Ritchie, 102 Pa. 425; Haverstick v. Pa. R. R., 171 Pa. 101; Gangawer v. P. & R. R. R., 168 Pa. 265.

Upon the whole case the question of contributory negligence should have been remitted to the jury: Davidson v. L. S. & M. S. Ry., 171 Pa. 522; McNeal v. P. & W. Ry., 131 Pa. 184; Howett v. P. W. & B. R. R., 166 Pa. 607.

*Edwin Jacquett Sellers*, with him *David W. Sellers*, for appellee.—The court was right in entering a nonsuit: Morgan v. C. & A. R. R. Co., 23 W. N. C. 189 (not in state reports); Drake v. P. R. R. Co., 137 Pa. 352; R. R. v. Houston, 5 Otto, 702; Schofield v. Ry., 114 U. S. 615; Carroll v. R. R., 12 W. N. C. 348 (not in state reports); Blight v. R. R., 143 Pa. 10; P. R. R. v. Bell, 122 Pa. 58; Hentz v. Borough of Somerset, 39 W. N. C. 66.

OPINION BY MR. JUSTICE FELL, May 17, 1897:

The reciprocal duties of railroad companies and of passengers alighting from or getting on cars at stations or stopping places have been very clearly defined in the decisions.   It is the duty of the railroad company to provide a safe and convenient means of passage to and from its passenger cars, and it is the duty of a passenger to comply with the company's reasonable rules and regulations for entering and leaving the cars, by using the way provided.   Knowledge by a passenger that a safe and convenient platform has been provided is notice to him of a rule that passengers should get off and on the cars at that place: Railroad Co. v. Zebe, 37 Pa. 420; Drake v. R. R. Co., 137 Pa. 352. In the opinion in the case first cited it was said by THOMPSON, J.: " . . . if a safe platform or other equally safe means be provided for exit, it is as much the duty of a passenger to leave by it, as it is for him to remain inside the cars when running.   The existence of such means of exit indicates as distinctly their purpose, and that it is a regulation of the carriers that they be

so used, as do the cars, that their purpose is to carry passengers inside instead of on the top. It is as much negligence of the passenger to disregard the proper use of one as of the other." In Drake v. R. R. Co., supra, the plaintiff was acquainted with the locality and knew that there was no platform or place provided for passengers to alight on the side on which he got off, and that a safe and convenient platform had been constructed on the other side of the track, and it was said by our brother McCollum that this knowledge was notice of a rule of the company with which the plaintiff was bound to comply.

It is true that the duty of a person about to cross a railroad track to stop, look and listen for an approaching train is not always applicable to a passenger at a station going to or from his train; the obligation upon him may be totally different from that of a person at a public crossing: R. R. Co. v. White, 88 Pa. 327 ; Kohler v. R. R. Co., 135 Pa. 346. If the way provided is across a track he may rely upon the performance by the company of the duty to keep the track clear while passengers are in the act of passing between the train and the station. But this is when a way is provided and the passenger is impliedly invited to take it. If a passenger disregards the rules of the company by passing to or from the cars on the opposite side from the station or platform provided, he does so at his peril.

At the station where the plaintiff was injured there were five tracks. An elevated platform extended along the side of the track nearest the station, and from this platform steps led to two over-head crossings, one north and one south of the station. The space between the tracks had been planked for the convenience of the employees of the road and of passengers who might want to reach the fifth track, which at this point branched from the main line. The plaintiff, who was familiar with the locality, came to the station on a train which ran on the second track, alighted from the train on the side away from the station and platform with the intention of walking across the third, fourth and fifth tracks in order to reach by a shorter route the works at which he was employed. The morning was dark and stormy, and as he stepped upon the third track he was struck by a car which was running at the rate of six or eight miles an hour, and which could have been seen by him when it was at

least sixty feet distant.   He was struck almost immediately after alighting from the train.   He testified: "It was a kind of a misty, dark morning, raining, and as I got off the train the rain was in my face as I got off, and all I done was to button my coat."   "As soon as I got off I was hit." . . . "I just stepped off the train I buttoned my coat and got hit."   He said in answer to the question "Did you look both ways when you got off?"   "Yes, sir, certainly, I looked where I was going."   He could have seen the car, which was moving toward him at a very moderate rate of speed, when it was fully sixty feet away, and as he walked less than ten feet the car must have been within twenty or thirty feet when he started, and almost upon him when he stepped in front of it.   If the plaintiff looked he must have seen the car, and if he then went on without regard to the danger he is in no better position than if he had exercised no caution whatever: Carroll v. R. R. Co., 12 W. N. C. 348; Blight v. R. R. Co., 143 Pa. 10.   The defendant is not therefore answerable unless the plaintiff was under the circumstances relieved of the obligation to stop, look and listen.   He had a safe way to alight from the train on the station side of the track.   Here he could have waited until the car had passed, or by the use of one of the overhead crossings he could have avoided altogether the danger of crossing the tracks.   He was not invited to get off where he did, and he was under no imperious necessity to do so.   The invitation was to alight on the other side, and in disregarding it he violated a reasonable rule which it was his duty to observe.

The judgment is affirmed.