## Harper *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company, Appellant.

*Negligence—Railroads—Station—Platform.*

The obligation upon a passenger at a station, going to or from his train, is not the same as that of a person at a public crossing.   If the way provided is across a track he may rely upon the performance by the company of the duty to keep the track clear while passengers are in the act of passing between the train and the station.

In an action against a railroad company to recover damages for personal injuries it appeared that the accident happened at a station where there were four tracks.   The first track nearest to the station was used for freight trains, and the second for passenger trains.   Between the two tracks was a board platform about five feet in width intended for the use of passengers in approaching and alighting from trains. The only access from the station to this platform was over the freight track.   On the night of the accident the plaintiff hearing the train whistle for the station, left the waiting room with other passengers, passed over the first track, and onto the narrow platform between the tracks.   While standing there and just before the passenger train came to a stop, he was struck by a freight train, which, with tender and engine reversed, showing no light and giving no warning, ran down upon the first track.   The space between the two trains standing side by side was not more than twenty-five inches in width, and several persons were caught between them and injured.   *Held,* (1) that the court could not say as a matter of law that plaintiff was guilty of contributory negligence; (2) that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 24, 1907.    Appeal, No. 129, Oct. T., 1907, by defendant, from judgment of C. P. Washington Co., Aug. T., 1906, No. 55, on verdict for plaintiff in case of W. J. E. Harper v. Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before MCILVAINE, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*R. W. Irwin*, with him *James A. Wiley* and *A. T. Morgan*, for appellant.—Plaintiff was guilty of contributory negligence: McGeehan v. Lehigh Valley R. R. Co., 149 Pa. 188 ; Betts v. R. R. Co., 191 Pa. 575 ; Kohler v. R. R. Co., 135 Pa. 346.

*Norman E. Clark*, with him *W. S. Parker* and *Winfield McIlvaine*, for appellee.—The case was for the jury : McGeehan v. R. R. Co., 149 Pa. 188.

OPINION BY MR. JUSTICE POTTER, January 6, 1908 :

At McDonald station, on the line of the railway of the defendant company, there are four tracks.    The one nearest the station is used by freight trains, and the second track is for east bound passenger trains.    Between these two tracks is a board platform, about five feet in width, intended for the use of passengers in approaching and in alighting from the train.

On the night of the accident, the plaintiff, hearing the train whistle for the station, left the waiting room, passed over the first track, and on to the narrow platform between the tracks. While standing there, and just before the passenger train came to a stop, he was struck by a freight train, which, with tender and engine reversed, showing no light and giving no warning, ran down upon the first track.    The space between the two trains standing side by side, was not more than twenty-five

inches in width, and several persons were caught between them, and injured.

The negligence of the employees of the defendant company in running the freight train over the intervening track, while the passengers were passing from the station to the train, was not denied ; but it was contended that the plaintiff was guilty of contributory negligence because he did not wait in front of the station, until the passenger train had come to a full stop, before he stepped across the first track. The trial judge refused the request of counsel for appellant to so charge the jury.

The only question raised by this appeal, is whether the court below should have held as matter of law that the plaintiff could not recover by reason of this alleged contributory negligence. Counsel for appellant cites the case of McGeehan v. Lehigh Valley R. R. Co., 149 Pa. 188, as sustaining his contention. But in that case it was distinctly pointed out that the planked space between the two tracks was not a platform intended for the use of the passengers. It was said that not a witness testified that it was built or arranged for any such purpose.

In the present case the witnesses for plaintiff testified that the planking between the frieght and passenger tracks was a platform, and it was repeatedly referred to as such by counsel on both sides, during the trial. It is so designated in appellant's history of the case, and it is further stated that it was for the accommodation of passengers in alighting from and boarding trains. So that in this respect the present case is to be clearly distinguished from McGeehan v. Lehigh Valley R. R. Co. It also appears that in that case the plaintiff went out and stood between the tracks in advance of the coming of the train. In the present case, plaintiff was in the waiting room of the station, until he heard the train whistle, and saw other people starting out. He followed them, and was the last to leave. He crossed the first track, and was taking a few steps along the platform, when the freight train came down upon him.

We think the plaintiff was entitled to assume that the way provided by the defendant company for him to reach the passenger train was reasonably safe, and that he was not bound to anticipate that a freight train would run him down, while he

was in the act of crossing the intervening track to reach the passenger train. As our Brother FELL said in Flanagan v. P., W. & B. R. R. Co., 181 Pa. 237, the obligation upon a passenger at a station, going to or from his train, is not the same as that of a person at a public crossing. "If the way provided is across a track he may rely upon the performance by the company of the duty to keep the track clear while passengers are in the act of passing between the train and the station."

Under the evidence in this case, the only way provided to reach the passenger train was across the first track. It would have been error in the trial judge to have held as matter of law, that the plaintiff was guilty of contributory negligence.

The judgment is affirmed.