# Besecker *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Negligence—Railroads—Station—Passenger—Alighting from train— Running train on track intervening between station and standing train— Proximate cause—Contributory negligence.*

In an action by a passenger against a railroad company to recover damages for personal injuries, the case is for the jury and a verdict and judgment for plaintiff will be sustained where the evidence shows that the plaintiff, a passenger, after his station had been announced and the door of his car opened, arose from his seat, went through the open door, and alighted from the car while it was still in motion, and after having safely alighted, was struck and injured while crossing a track between his train and the station, by another train which was run on the intervening track in violation of the rules of the company. In such a case the proximate cause of the accident was not the alighting from a moving train, but was the act of the company in negligently running another train on the track intervening between the plaintiff's train and the station.

While passengers are alighting from a train at a station, and proceeding across the tracks to the station, it is clear negligence for the railroad company to permit a train to pass upon one of the intervening tracks thereby endangering the safety and the lives of the passengers. Under such circumstances the passenger has a right to assume that his safety will not be endangered by permitting a train to pass upon the intervening tracks while he is in the act of crossing to the passenger station, and he may rely upon the company to keep the tracks clear.

Argued March 9, 1908. Appeal, No. 211, Jan. T., 1907, by defendant, from judgment of C. P. Monroe Co., Feb. T., 1906, No. 20 on verdict for plaintiff in case of George Besecker v. Delaware, Lackawanna & Western Railroad Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*A. Mitchell Palmer*, for appellant.—To get on or off a moving car, whether propelled by steam or electricity, is negligence per se in him who attempts it : Boulfrois v. Traction Co., 210 Pa. 263 ; Hunterson v. Union Traction Co., 205 Pa. 568 ;. Purvis v. Buffalo, etc., R. R. Co., 219 Pa. 195 ; Rothstein v. R. R. Co., 171 Pa. 620 ; R. R. Co. v. Aspell, 23 Pa. 147 ; Powelson v. Traction Co., 204 Pa. 474 ; Victor v. Penna. R. R. Co., 164 Pa. 195 ; Murray v. Penna. R. R. Co., 173 Pa. 74.

The announcement of the brakeman was not notice to the passenger to get off the moving train, but that it would come to a full stop at the next station, Henryville.

A person who attempts to reach a railway station by a way, not a public road or street, and not provided by the company, and which lies, in part, over the company's right of way, is a trespasser, and if injured while on the tracks, he cannot recover, and the fact that the way is used by many persons is immaterial : Comly v. Pennsylvania R. R. Co., 22 W. N. C. 42 ; Hunterson v. Traction Co., 205 Pa. 568.

*Rogers L. Burnett*, for appellee.—The facts and circumstances of this case constitute it an exception to the general rule that to alight from a moving train is negligence per se : Sharrer v. Paxson, 171 Pa. 26 ; Boulfrois v. Traction Co., 210 Pa. 263 ; Harper v. R. R. Co., 219 Pa. 368.

If two distant causes are successive and unrelated in their operation, they cannot be concurrent. One of them must then be the proximate and the other the remote cause. When they stand in this relation to each other and the result to be considered, the law regards the proximate as the efficient and responsible cause, and disregards the remote : Herr v. City of Lebanon, 149 Pa. 222.

Opinion by Mr. Justice Mestrezat, March 30, 1908 :

On the morning of November 20, 1905, George Besecker, the plaintiff, purchased a round trip ticket at Henryville over the defendant company's road to Portland and return. In returning, he took a west bound train leaving East Stroudsburg station at 7 : 15 p. m. He entered the smoking car, the rear car of the train, and seated himself on the left hand side and in the third or fourth seat from the front of the car. As the train approached Henryville the rear brakeman, who was seated in the rear end of the smoking car, announced that station twice, having previously announced as the train left the last station, that Henryville was the next stop. The brakeman then opened the front door of the smoking car, passed through the vestibule of that car and the vestibule of the next coach, which was a coach for ladies, and announced Henryville station twice in that car. He then returned to the front end of the smoking car, opened the vestibule door of the smoking car and turned to open the vestibule of the ladies' coach. The plaintiff arose from his seat, passed out the front door of the car and down the steps through the vestibule, and as the smoking car was about opposite the waiting room door of the station, he alighted. The plaintiff claims that when he alighted the train had stopped and he stepped off. The defendant claims that the plaintiff alighted while the train was in motion and that he jumped off.

At Henryville the defendant company has two main tracks, east and west bound. The station is on the south side of the east bound track. As Besecker had arrived on a train on the west bound track, he was obliged to cross the east bound track to reach the station. After alighting from the train he started towards the station, and after taking a step or two, was struck and injured by the bumper beam of the engine drawing an east bound coal train, running at the rate of from twelve to fifteen miles an hour. The plaintiff, it is conceded, left the car at the place where passengers for that station usually and ordinarily alight. It is claimed by the defendant company, and its testimony tended to show, that the engineer of the passenger train saw the coal train approaching on the east bound track and realizing that it would cut his passengers off from the Henryville station, he kept his own train moving until the

smoking car had overlapped the engine of the coal train when the passenger train stopped.

This is an action by the plaintiff to recover for the injuries he sustained, and the alleged negligence consists in the defendant company running the coal train by the Henryville station on the east bound track without notice of its approach to the station or other warning while the plaintiff was attempting to cross that track to get to the station. It is properly conceded by the learned counsel of the defendant company that if the passenger train had stopped at the station, it was negligence on the part of the company to allow the coal train to run between the passenger train and the station while the passengers were being discharged. It is contended, however, by the counsel that the plaintiff alighted from the train while it was in motion, that this was negligence, and that his injuries resulted from this negligent act on his part. It is further claimed by the defendant's counsel that the moving of the passenger train was notice to the passengers that there was danger and that, therefore, they had no right to alight from the train while it was in motion. The court, however, instructed the jury that the bare fact of the plaintiff stepping off the train, even though it were in motion, would not, of itself, be such contributory negligence as would prevent a recovery in the case. It will, therefore, be observed, as suggested by the learned trial court, that the only question before the court and jury was whether the plaintiff was guilty of contributory negligence. The only question which we need consider is whether it was negligence per se for the plaintiff to alight from the train while it was in motion and attempt to cross the east bound track to reach the station. If it was, the instructions of the court just alluded to, were erroneous. There was ample evidence to support the defendant's contention that the plaintiff did leave the train while it was in motion, and if his act in doing so was negligence of itself, the jury should have been so instructed.

It is well settled that the duty of a carrier of passengers is not fully discharged until it has set the passenger down in a place of safety at his destination. It must not only carry him to his destination in safety, but it must provide a safe place to discharge him when he arrives there. This is conceded to be the law. If instead of discharging its passengers at a station on the

side of the track, the carrier discharges them between its tracks and obliges them to cross one or more tracks to reach its station, an imperative duty devolves upon the carrier to see that the passenger will not be endangered in crossing the tracks. This duty is imposed by the contract which the carrier enters into with the passenger when he purchases his ticket. While its passengers are alighting from its train and proceeding across the tracks to the station, it is clear negligence for it to permit a train to pass upon one of the intervening tracks, thereby endangering the safety and the lives of the passengers. Under those circumstances, the passenger has a right to assume that his safety will not be endangered by permitting a train to pass upon the intervening tracks while he is in the act of crossing to the passenger station, and he may rely upon the company to keep the tracks clear: Flanagan v. P., W. & B. R. R. Co., 181 Pa. 237; Harper v. Pittsburg, etc., R. R. Co., 219 Pa. 368; Atlantic City R. R. Co. v. Goodin (N. J.), 45 L. R. A. 671; Chicago, etc., Ry. Co. v. Lowell, 151 U. S. 209. Before attempting to cross the tracks under such circumstances, the passenger is not always required to observe the rule which compels a person crossing tracks of a railroad on a highway to stop, look and listen before he attempts to cross; his obligation may be totally different from that of a person at a public crossing: Pennsylvania Railroad Co. v. White, 88 Pa. 327; Betts v. Lehigh Valley Railroad Co., 191 Pa. 575. The great current of authority is to the effect that failure to look for trains when crossing a track, in passing from the train to the station, is not necessarily negligent: Per COLLINS, J., in Atlantic City R. R. Co. v. Goodin, 45 L. R. A. 671, citing two of our cases referred to above. The reason of the rule is that the carrier is required to provide a safe place to discharge its passengers and hence they have a right to assume that in the performance of that duty the carrier will not permit a train to pass on the intervening tracks while they are going from the train to the station. Of course, the passenger in crossing the tracks is not relieved from the exercise of ordinary care under the circumstances and whether he performed that duty is for the jury.

Conceding, therefore, that it was negligence in the defendant company to permit its coal train to be run on the inter-

vening track if the plaintiff alighted from the passenger train after it had stopped, was it negligence in the plaintiff to alight from his train while it was in motion and to attempt to cross the tracks to the station? This is the real and only open question in the case. As we have seen, the defendant's counsel contend that such action on the part of the plaintiff was negligence, that he had no right to alight from the train while it was in motion and the fact that it had not stopped, although at the usual place for trains to stop at that station, was notice to the passengers that alighting from the train would be dangerous. On the argument of the case the writer was impressed with this position, but upon subsequent reflection we are satisfied that it is not tenable. As this train approached the station the company's brakeman announced the approach and made preparation for the passengers to alight by opening the door of the car and the door leading from the vestibule to the station. His train being a regular passenger train, the plaintiff had a right on its arrival at Henryville to assume that the place for discharging passengers from west-bound trains was safe, and that their safety would not be endangered while crossing the intervening tracks of the carrier company to the station. No notice or warning was given the passengers by the company's servants of any danger at the station or that a train was approaching on the other track. The situation at that time, then, was that the passengers had been notified by the brakeman that their train was approaching the Henryville station, the doors permitting exit from the car had been opened to enable the passengers to alight, the train had lessened its speed so as to be moving quite slowly, no notice of any danger on the intervening tracks had been given, and the passenger train was at the usual and ordinary place for discharging passengers at Henryville. While these facts would not justify the negligent act of a passenger in alighting from a moving train, yet it was the duty of the carrier company to keep the intervening tracks free from danger to any passenger who, having alighted from a west bound train at that time, desired to go to its station, and especially to enforce its own rule and prevent a train passing in either direction on the east bound track. The plaintiff had a right to assume that the company would perform this duty, unless

he had notice that there was danger on the intervening track or that a train was approaching at that time.   The mere fact that the train was in motion was not of itself notice to the passengers that the carrier would not perform its duty and keep its other track clear at that time: Philadelphia, W. & B. R. R. Co. v. Anderson (Md.), 8 L. R. A. 673.   In that case the train was in motion when the passengers alighted, and the Maryland court of appeals in sustaining a verdict in favor of the passenger who had been injured in crossing the track by a passing train said (p. 676): " If the discovery of the approaching train caused any change of purpose on the part of the conductor, it would have been reasonable to communicate this change to the passengers, whose safety might be affected by it."   It is true that the defendant company alleges that notice was given to the plaintiff of the approach of the train on the other track, but this was denied by him, and, of course, was a question for the jury.   If the plaintiff had been injured in alighting from the moving train by having been thrown or having fallen against something or in any other way, and this action had been brought to recover damages for such injury, of course there could be no recovery ; but he was not injured when he was alighting from the train or by anything he did while alighting from the train.   He reached the ground in safety.   The peril involved in alighting from the train was passed before he attempted to cross the tracks.   That was a negligent act, but it was not the proximate cause of his injuries.   This action was not brought to recover damages for injuries he sustained while descending from the car.   The plaintiff assumed a risk in alighting while the train was in motion, but that assumption of risk cannot be extended so as to protect the company in its subsequent negligent act by which the plaintiff was injured while he was still under its protection as a passenger.   Suppose the plaintiff had alighted from the train while it was at rest, and in going to the station was injured by something which had been negligently and improperly left between the rails of the east bound track or on the station platform, the company clearly would have had no defense to an action brought to recover damages for his injuries.   Its liability would have been the same as though the plaintiff, having alighted under those circumstances, had been

struck by a train approaching on the east bound track. In both cases, the carrier company is liable because the plaintiff is still a passenger and is entitled to its protection while he is crossing its track and passing through its station. In the case in hand, conceding the plaintiff to have alighted while the train was in motion, he is entitled to the same protection from the carrier company while he is crossing its tracks. He was not injured while alighting from the train but from the negligent act of the company while he was crossing its east bound track.

The case of Philadelphia, W. & B. R. R. Co. v. Anderson, 8 L. R. A. 673, decided by the Maryland court of appeals, is in point. The accident occurred upon the defendant company's road at the city of Chester in this state. The name of the station was announced as the train approached the city, and it stopped at the eastern end of the station platform. Before the plaintiff could alight, the train had started, and while it was moving slowly he stepped from the car and was immediately struck by a train coming from the opposite direction. The court held that his negligence was for the jury. In the opinion it is said (p. 676) : " He made his exit from the car in safety, but was immediately confronted by a great danger. If he had looked forward he might have seen and avoided it. But here we must bear in mind the circumstances attending his exit from the cars. He was getting off at a place which, with the knowledge and permission of the defendant, was habitually used for this purpose ; and he knew, moreover, that it was the defendant's duty to use all possible care to make this place safe for him. And he knew that by a special rule it had declared that when his train was discharging passengers, any approaching train must be stopped and not be allowed to reach it. Now, assuming that he supposed that he was to be discharged as a passenger at that place, he would necessarily and unavoidably infer that he would be safe, if the railroad company observed this rule. Undoubtedly he had a right to assume that this rule would be enforced and, relying upon the assurance guaranteed by the rule, he was dispensed from the necessity of using the degree of care ordinarily required of persons who go on or near railroad tracks." In Chicago, etc., Ry. Co. v. Lowell, 151 U. S. 209, the passenger alighted from

the train when it was in motion and was subsequently struck by an engine coming from the opposite direction while he was crossing the track to reach the station.    The defense was contributory negligence, and the defendant company asked the court to instruct the jury to find for it on that ground.    The prayer was refused and there was a verdict for the plaintiff which was sustained on appeal by the supreme court of the United States.

In the case in hand, the plaintiff knew of the existence of a rule of the carrier company similar to the one in the Anderson case, and the remarks of the court in that case apply, therefore, to the plaintiff here.    He had a right to assume that the defendant company would observe its own rule : Lyman v. Boston & Maine Railroad Co. (N. H.), 11 L. R. A. 364, and, therefore, although having alighted from the train while in motion he had a right to rely upon the defendant company keeping its intervening track clear at the time for receiving and discharging passengers from its west bound trains at Henryville.    As said in Atlantic City Railroad Co. v. Goodin, 45 L. R. A. 671 : " Goodin (the passenger) had a right to rely on the assumption that no train would be allowed to come while passengers might properly be crossing the track." Reasonable care according to the circumstances was required of the plaintiff when he attempted to cross the defendant's tracks, and whether he exercised that care or not was a question for the jury.    The court could not declare as matter of law that in alighting from the train while it was in motion, the plaintiff contributed to the injuries he sustained.

The judgment is affirmed.