# Struble *v.* Pennsylvania Company, Appellant.

*Negligence — Railroads—Station—Passenger—Crossing track—Contributory negligence.*

1. The rule "stop, look and listen" is not to be rigorously applied to a passenger at a station going to or from his train.

2. When at a station an intending passenger awaits his train, he has a right to assume that the railroad company will perform its duty of exercising the strictest vigilance to protect him from being injured either by the train he intends to take or by one passing through the station before it arrives.

3. Where a passenger is required at a station to cross an intervening track in order to take his train, and in doing so, after notice by the station agent of the approach of his train, is stopped by a locomotive passing on the intervening track, emitting smoke and steam and going at a high rate of speed, and he then proceeds to cross, and is struck by the locomotive of the train which he intends to take, and is killed, the question of his contributory negligence is for the jury.

Argued Oct. 4, 1909. Appeal, No. 100, Oct. T., 1909, by defendant, from judgment of C. P. Mercer Co., June T., 1906, No. 22, on verdict for plaintiff in case of Julia A. Struble v. Pennsylvania Company Operating the Erie & Pittsburg Railroad. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before WILLIAMS, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*S. R. Mason,* for appellant.—It is respectfully submitted by the defendant, that the case comes under the class of cases beginning with Carroll v. Railroad Company, 12 W. N. C. 348, and continuing down to the case of Crooks v. Pittsburg Railways Co., 216 Pa. 590.

*S. H. Miller,* with him *Q. A. Gordon,* for appellee.—While passengers are alighting from a train at a station, and proceeding across the tracks to the station, it is clearly negligence for the railroad company to permit a train to pass upon one of the intervening tracks, thereby endangering the safety and lives of the passengers: Besecker v. R. R. Co., 220 Pa. 507; Girton v. R. R. Co., 17 Pa. Superior Ct. 143.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

On the afternoon of November 15, 1905, the husband of the appellee—seventy-seven years of age—purchased from the defendant company, at its ticket office in Sharon, a ticket to Clarksville. The train he was to take was coming from the south on the north-bound track, which was opposite the station. It fronted on the south-bound track. After purchasing his ticket the deceased remained in the waiting room with other passengers until the ticket agent notified them to cross over to the platform and take the train which was approaching from the south. It was composed of vestibule cars, the doors of which were open for passengers only on the east side, and it was, therefore, necessary for them to cross over to the platform to enter the train. Other passengers passed safely over the north-bound track to the platform, but as the deceased was about to cross the first or south-bound track a locomotive passed over it to the south at a high rate of speed. He waited until it had passed, and, in attempting to

cross over to the platform, was struck by the locomotive of the approaching train just as he put his foot upon the first rail of the north-bound track, and died within a short time from the injuries received. The testimony of the ticket agent is that when he notified the passengers to go over to the platform they started to do so. A rule of the company required him to give the notice to cross over two or three minutes before the arrival of the train, and he stated that whenever he learned from the dispatcher that it had left South Sharon—a three minutes' run from his station—he would notify the passengers to cross over. He was not able to state what length of time elapsed between his notice to the passengers to cross over and the arrival of the train which struck the deceased, but it is quite clear that he had not given the three-minute notice required by the rule of the company, for his testimony was that it took but fifteen seconds to cross over. Brief notice was given to the deceased that his train was approaching, and when he started to do what the agent of the company had directed him to do, the engine rapidly approaching from the north cut off his passage over the tracks, emitted steam and smoke, obstructed a view to the south and made a noise which prevented his hearing the calls to him not to proceed. The negligence of the company was so clearly established that on this appeal its learned counsel does not question it, frankly stating that the sole question is whether the deceased was guilty of such contributory negligence as to prevent a recovery by the appellee.

Clear as was the negligence of the appellant, the deceased, though a passenger, was bound to exercise proper care under the circumstances, and, if it unmistakably appeared that he rushed in front of the approaching locomotive, which he saw or was bound to see, taking the chance of passing safely over, the law would charge his death to his own rashness. But such penalty is not to be imposed upon those who have been injured by his death, unless the only possible conclusion to be reached from the evidence is that no ordinarily prudent man would have done what he did. Negligence, whether it be that charged to a defendant or to a plaintiff as a contributing cause

to the injuries for which he sues, is absence of care according to the circumstances. The care required of one about to cross a railroad laid over a highway is fixed by the unbending rule requiring him to stop, look and listen. This rule, however, for a good reason, is not to be rigorously applied to a passenger at a station going to or from his train. When at a station an intending passenger awaits his train, he has a right to assume that the railroad company will perform its duty of exercising the strictest vigilance to protect him from being injured either by the train he intends to take or by one passing through the station before it arrives: Pennsylvania Railroad Co. v. White, 88 Pa. 327; Flanagan v. Philadelphia, Wilmington & Baltimore R. R. Co., 181 Pa. 237; Betts v. Lehigh Valley R. R. Co., 191 Pa. 575; Harper v. Pittsburg, Cincinnati, Chicago & St. Louis R. R. Co., 219 Pa. 368; Besecker v. Delaware, Lackawanna & Western R. R. Co., 220 Pa. 507.

In view of the duty which the appellant owed the deceased, from the relation which it established to him as a passenger in selling him a ticket, to be almost immediately used, the court could not, under all the evidence, have pronounced him guilty of contributory negligence. That question was clearly for the jury, as abundantly appears from a mere recital of the undisputed facts. When notice was given by the defendant's agent to cross over to the east platform, the deceased, with other passengers, started to do so. While proceeding along the walk provided for the use of passengers in crossing from the station to the platform, and just as he reached the first or south-bound track, his progress was interrupted or delayed by a locomotive passing south on the south-bound track towards a water tower standing some distance down the track. This engine made more or less noise and was emitting smoke and steam. As soon as it had passed the deceased proceeded on his way towards the eastern platform, had crossed the first or south-bound track, and just as he was about to step on to the north-bound track, which was but eight feet from the track he had crossed, he was struck and killed. In addition to the foregoing undisputed facts, there was evidence that the engine passing to the south emitted smoke and steam, ob-

structing the view of the incoming train, and that in consequence of the noise made by the passing engine, the deceased was unable to hear the warning given him not to cross over.   In attempting to cross over he was doing just what the agent had directed him to do.   He had a right to assume that the notice given to cross over was sufficient to enable him to reach his train in safety, and the evidence tended to show he could have done so had his progress not been interrupted by the act of the defendant in running the engine down the south-bound track just at the time when the passengers were crossing over to the other side.   While the jury might have found him guilty of contributory negligence in not exercising proper care under the circumstances, the fair inference drawn by them was that he was not, and we cannot, therefore, disturb it.   The assignment of error is overruled and the judgment affirmed.