## Goller, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Passenger—Crossing tracks at station—"Stop, look and listen."*

One who is struck by a moving train, which was plainly visible from the place where it was his duty to stop, look and listen, will be conclusively presumed to have gone into an obvious danger. This rule applies to a passenger who attempts to cross a double-track railroad at a station when he had, before crossing, an unobstructed view in the direction from which the train came for 800 feet and the engine was then within 200 feet of the plank crossing over which he attempted to go.

Argued Oct. 6, 1910. Appeal, No. 191, Oct. T., 1910, by plaintiff, from judgment of C. P. Somerset Co., May T., 1906, No. 285, on verdict for defendant in case of Amanda C. Goller *v.* Baltimore & Ohio Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before KOOSER, P. J.

At the trial it appeared that plaintiff's husband was killed on March 14, 1906, on the north track of defendant's double track railroad in front of its passenger station in the borough of Confluence.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The trial judge gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. A. Berkey,* with him *L. C. Colborn* and *C. L. Shaver,* for appellant.

*W. H. Koontz,* with him *J. G. Ogle,* for appellee.


PER CURIAM, January 3, 1911:

At the station where the accident happened the defendant company had two tracks that extended east and west. The station house was south of the tracks, and a plank walk eight feet wide and twenty-two feet long extended from it across the tracks to a platform on the north side. The deceased bought a ticket twenty-five minutes before the accident and on the approach of the train which was behind time and probably running faster than usual, he walked hurriedly or ran over the plank crossing and was struck by the engine as he was about to step on the platform, on the north side. Before starting across the tracks, he had an unobstructed view in the direction from which the train came for 800 feet and the engine was then within 200 feet of the crossing.

Under these facts shown by the plaintiff's testimony there is no escape from the conclusion that the deceased either failed to look for the train or saw it and took the chance of crossing in advance of it. The danger was manifest and the rule that one who is struck by a moving train, which was plainly visible from the place where it was his duty to stop, look and listen, will be conclusively presumed to have gone into an obvious danger, applies: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Myers v. B. & O. R. R. Co., 150 Pa. 386. It follows that it was not error to direct a verdict for the defendant and the judgment is affirmed.