## Weisenberg, Appellant, *v.* Lackawanna & Wyoming Valley R. R. Co.

*Negligence—Railroads—Passenger—Stepping in front of train.*

The rule that a person who steps in front of a moving railroad train that he saw or would have seen, if he had taken the care that the law and common prudence require, will be conclusively presumed to have been negligent, applies to a passenger who, after alighting from a car to the east platform of a double-track railroad, attempted to cross to the west platform on a plank crossing provided for the use of the public, and was struck by a train on the west track where he had an unobstructed view for twelve hundred feet.

Argued April 9, 1912.  Appeal, No. 266, Jan. T., 1911, by plaintiff, from order of C. P. Luzerne Co., Oct., 1905, No. 391, refusing to take off nonsuit in case of Tony Weisenberg v. Lackawanna and Wyoming Railroad Company.  Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass .to recover damages for personal injuries. Before TREXLER, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*Frank A. McGuigan,* with him *B. R. Jones* and *Evan C. Jones,* for appellant.—The case was for the jury: Keifner v. Ry. Co., 223 Pa. 50; Besecker v. D. L. & W. R. R. Co., 220 Pa. 507; Philada., W. & B. R. R. Co. v. Anderson, 8 L. R. A. 673; Struble v. Pennsylvania Co., 226 Pa. 118.

*John L. Lenahan,* with him *Richard B. Sheridan,* for appellee, cited: Yevsack v. R. R. Co., 221 Pa. 493; Baker v. R. R. Co., 182 Pa. 336.

OPINION BY MR. CHIEF JUSTICE FELL, July 2, 1912:

At Midvale station, on the line of the defendant's double track electric railroad, there is a platform on either side of the tracks, raised a few inches above them. A plank walk seven feet wide and twenty-two feet long, level with the tracks extends from one platform to the other.  Between the tracks there is a picket fence two hundred and fifty feet in length with an opening at the plank walk.  The town of Midvale is west of the railroad and persons going from it to the east platform or to it from that platform are required to use the plank walk in crossing the tracks.  The plaintiff's husband got off the rear end of a car on the east platform, be-

tween two and three o'clock P. M., walked back six or
seven feet, stepped down to the plank walk, went back
of the car that had not moved from the station, through
the opening in the fence, and stepped directly in front
of a train on the west track. At the opening there was
a clear view of the track for twelve hundred feet—he
did not look or exercise any care whatever. The ques-
tion on which the case turns is, whether under the cir-
cumstances he was relieved from the duty of care.

The duty of a person about to cross a railroad track
to stop, look and listen, for an approaching train, is not
always applicable to a passenger at a station going to
or from his train. If the way provided to pass between
the station and the train is across a track or the place
to alight is between tracks, he may rely on the place
being kept safe while he is in the act of passing or
alighting: Flanagan v. Railroad Co., 181 Pa. 237; Betts
v. Railroad Co., 191 Pa. 575; Harper v. Railroad Co.,
219 Pa. 368; Besecker v. Railroad Co., 220 Pa. 507;
Keifner v. Railway Co., 223 Pa. 50; Struble v. Penna.
Co., 226 Pa. 118. The reason of the rule is that a car-
rier is required to provide a safe place to receive and
discharge passengers and hence passengers may assume
that the place provided will be kept safe from trains on
intervening tracks: Besecker v. Railroad Co., supra.
The rule does not apply to the approaches to a station
from a street unless the approaches are of such a char-
acter that they may be considered a part of the station.
In this case the plank walk was not intended for anyone
to stand on in getting on or off a train. It was a way
provided for the convenience of passengers going to or
from the east platform.

It may be that the situation was dangerous and that
some other means should have been provided by the de-
fendant, but with its negligence we are not concerned,
it may be conceded. The single question is whether the
deceased was relieved from all duty of care, for he exer-
cised none: In Yevsack v. Railroad Co., 221 Pa. 493, a

judgment for the plaintiff, who was injured at the same station and under circumstances differing but slightly from those in this case was reversed because of his negligence in not observing an approaching train or in taking the chance of crossing in front of it. It was said in the opinion: "That the passageway over the tracks was provided by the defendant company for the use of persons going to or from the east platform, was a fact to be considered in determining the plaintiff's negligence, but it did not relieve him from the exercise of reasonable care. It was not a place where passengers alighted, nor a way leading from the place where they alighted to the station to which they were going, which they might assume would be kept clear of trains and be safe at the time. It led from the platform on the east to the street and, while its use was a convenience and it may be a necessity, it was not a place where passengers stood in getting on or off cars. The care required in its use was not the ordinary care required of a passenger who must cross a track between his train and the station, but the greater care of a person at a crossing over which he knows trains constantly pass." These cases cannot be distinguished from each other. In the recent case of Goller v. Railroad Co., 229 Pa. 412, it was held the rule of Carroll v. Railroad Co., 12 W. N. C. 348, and the numerous cases that have followed it, that a person who steps in front of a moving train that he saw or would have seen, if he had taken the care which the law and common prudence require, will be conclusively presumed to have been negligence, applies to a passenger who attempts to cross a double-track railroad at a station on a plank-crossing and had an unobstructed view of the train by which he was struck.

The judgment is affirmed.