## Lebrenz, Appellant, v. Pennsylvania Railroad Co.

*Negligence—Railroads—Contributory negligence—Crossing at station—Miscalculation—Nonsuit.*

A nonsuit was properly entered in an action to recover damages for the death of plaintiff's wife, where it appeared that the deceased, an intending passenger, was struck by a train of defendant company, while attempting to cross in front of the same, at a suburban station; that there were two tracks at that point; that passengers wishing to cross from one side of the track to the other to reach their proper platform were obliged to cross at grade, upon a plank walk; that no watchmen were stationed there and no fences were erected; that deceased reached the station a few minutes before the arrival of her own train, saw the train which struck her approaching before she started across the tracks, apparently believed she would be able to cross in front of it, but was struck before she could do so, probably by reason of the fact that it was a special train, running at a high rate of speed, and not stopping at the station as all scheduled trains did. In such case the evidence of plaintiff's contributory negligence was so clear that the case was properly withdrawn from the jury.

Argued April 2, 1913. Appeal, No. 15, Jan. T., 1913, by plaintiff, from judgment of nonsuit of C. P. No. 4, Philadelphia Co., Sept. T., 1907, No. 4263, in case of William R. Lebrenz v. Pennsylvania Railroad Company. Before FELL, C. J.; POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's wife.

The court granted a nonsuit which it subsequently refused to take off.

AUDENRIED, J., filed the following opinion:

At Tulpehocken Station on the Chestnut Hill branch of the Pennsylvania Railroad there are two tracks. The easterly track is used by trains bound from Philadelphia toward Chestnut Hill. Trains bound from Chestnut Hill to Philadelphia travel on the westerly track. The main station house, with a platform in front of it for the accommodation of passengers who have occasion to use the outbound trains, is located on the easterly side of the railroad. On the westerly side of the railroad stands a shelter shed with a platform for the use of passengers on the inbound trains. The two platforms are not connected by a tunnel or an overhead bridge. Persons wishing to pass from one to the other must cross the intervening tracks at grade upon a plank walk. No watchman is stationed there to regulate the movements of those passing from one platform to the other, and no fences have been erected to keep passengers off the tracks when the approach of trains renders the space between the platforms dangerous.

On October 25, 1907, Mrs. Lebrenz left her home, which is situated east of the railroad, for the purpose of taking at Tulpehocken Station the 1:20 p. m. train for town. She got to the station at least five minutes, perhaps as much as a quarter of an hour, before her train was scheduled to arrive there. When she reached the edge of the platform on the near side of the tracks, she looked toward Chestnut Hill, and saw a train about four hundred feet away moving toward her on the inbound track. She immediately stepped down upon the plank crossing, and, lifting her skirt, in order to facilitate her movements, but walking at her usual gait without increasing her speed, attempted to pass to the platform on the westerly side of the tracks. She was in the act of

stepping up to the far platform when her clothing was caught by the train that she had observed. She was dragged by it along the track and killed.

At the time of the accident all trains regularly scheduled to pass Tulpehocken Station stopped there. The train that killed Mrs. Lebrenz was a special train, and did not appear on the railroad company's published timetable. It consisted of a locomotive and one coach. It was running at a high rate of speed, and did not stop after the accident until it had traveled eight hundred feet beyond the station. The locomotive's whistle was not blown as the train approached the station. Whether or not its bell was then ringing is uncertain.

The testimony produced by the plaintiff would have warranted a finding by the jury of the facts above outlined.

A judgment of nonsuit was entered upon the ground of the contributory negligence of Mrs. Lebrenz.

It is argued that it was error for the court to declare that the deceased was guilty of negligence that contributed to bring about her death, because the accident happened at a railroad station where she was using the only facilities that the defendant company had provided for crossing its tracks to the place for embarking on the train upon which it was her intention to become a passenger.

In support of this argument, counsel cite the decisions of the Supreme Court in Besecker v. R. R. Co., 220 Pa. 507; Keifner v. Ry. Co., 223 Pa. 50, and Struble v. Penna. Co., 226 Pa. 118.

In those cases, however, the court went no further than to say that in the absence of evidence to indicate that the injured person had seen the train approaching by which he was subsequently struck, and had reason to believe that his safety would be endangered, he might rely upon the presumption that the railroad company had taken measures to provide for the safety of its passengers and proceed to cross its tracks without the ·

precaution usually insisted on of stopping, looking and listening.

In the case at bar there was present an element which did not figure among the facts involved in the cases referred to. It is conceded that Mrs. Lebrenz, before she tried to walk from the easterly platform to the westerly platform across the defendant's tracks, saw that there was approaching upon the inbound track a train moving at a high rate of speed.

It is impossible to distinguish in their essential features, the facts of this case from those presented in the case of Goller v. Baltimore & Ohio Railroad Company, 229 Pa. 412. In each case a train coming rapidly nearer was in plain view, and the danger of attempting to cross the track in front of it was manifest to the intending passenger. If the plaintiff in Goller v. Railroad Company had no right to recover damages for her husband's death, because it resulted from his taking the chance of crossing the track in front of the train that he saw approaching, so here also, for the same reason, a recovery by Mr. Lebrenz is barred.

It may be that Mrs. Lebrenz did not know exactly how fast the train that she saw was moving; but she was safe where she was standing where she saw the train, and she should have stayed there. She had no right to risk her safety on her own rough calculation of the chance that she might be able to walk over the track and get clear of it before the train could reach the crossing. If she made a mistake, and the chance that she took went against her, her husband must suffer the consequences without recourse to the defendant.

It is argued that Mrs. Lebrenz may have mistaken the train that she saw when she was on the near platform for that which was scheduled to stop at the station at 1:20 p. m., and that in view of the probability that that train would slow down as it neared the station, it was for the jury to say whether or not she acted as a prudent person would have acted under these circumstances,

when she attempted to cross the tracks ahead of it.  But the same argument was possible upon the facts in the case of Goller v. Baltimore & Ohio Railroad Company, 229 Pa. 412.  The train that struck and killed Mr. Goller was the very train that he was to have boarded, and he had the same right to assume that its speed would slacken as it approached the station that Mrs. Lebrenz may have thought she had in the case of the train by which she was killed.  Nevertheless, binding instructions for the defendant were given at the trial of that case, and were approved by the Supreme Court.

This case was not for the jury.  "Seeing or hearing the approaching train, the traveler is warned of his danger. To wait is safe.  It is the only course he can take that is free from danger.  If he goes on in the face of a known danger, without an imperious necessity compelling it, negligence is a presumption of law": Myers v. B. & O. R. R. Co., 150 Pa. 386.

It might not have been negligence for Mrs. Lebrenz, relying upon the fact that no warning of danger was given to her by those in charge of the defendant's station at Tulpehocken, to attempt to pass the tracks upon the plank crossing there provided for the use of passengers by the defendant, without first stopping, looking and listening for approaching trains; but her attempt to walk over them in the face of a train moving at a high rate of speed, which it is conceded she saw, was negligence that undoubtedly contributed to bring about the fatal mishap that overtook her.  The facts appearing by the plaintiff's evidence presented a clear case for the application of the rule laid down in Carroll v. Railroad Company, 12 W. N. C. 348.

The court is of the opinion that the disposition made of this matter at the trial was correct, and the motion to take off the nonsuit is accordingly dismissed.

*Error assigned* was the refusal to take off the nonsuit.

*Alex. Simpson, Jr.,* with him *William E. Chapman,* for appellant.

*John Hampton Barnes,* for appellee.

PER CURIAM, April 28, 1913:

The facts proved at the trial and the law applicable thereto are very clearly stated in the opinion of Judge AUDENREID on which we affirm the judgment. The case is not to be considered in the light of the right of a person crossing over a space between a station platform and a train standing to receive or discharge passengers who may assume that an intervening track will be kept clear of trains while he is in the act of crossing. The plaintiff's wife was going from her home to the station and crossed the track in front of a train which she saw approaching.

The judgment is affirmed.