# Lee *v.* Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Crossings at station—Contributory negligence—Case for jury.*

1. While one who goes in front of a moving train, which he sees or is under a duty to see will in ordinary cases be adjudged negligent, and an intending passenger at a station, who is using the means provided to reach his train and in following the usual custom is doing what he is expected to do, is under a duty to look for the regular train he intends to take in advance of which he is crossing, and assumes the risk of the danger therefrom which he has reason to apprehend, he does not assume the risk of any other danger of which he has neither knowledge nor means of knowledge, and to which he is exposed by the defendant's negligence.

2. In an action to recover damages for the death of plaintiff's husband, it appeared that defendant railroad company maintained a station building upon one side of its double-track road, and a platform without shelter upon the opposite side, connected by a plank walk for the use of passengers; that passengers were accustomed to remain in the station in cold weather until notified that the train was approaching; that it was the custom for passengers to remain in the station house until the train on the opposite track was in sight, and then to walk over the crossing to the platform, where passengers were received and discharged from such trains; that deceased on a dark and stormy night purchased a ticket at the station, waited there until someone announced that the train which was behind time was coming, and then with a number of other passengers proceeded in the usual way over the

crossing to reach the platform, and that as he was stepping upon the platform he was struck by a loose engine which was running ahead of the passenger train at the rate of thirty or more miles an hour. *Held,* the contributory negligence of the plaintiff was for the jury and a verdict and judgment for plaintiff was sustained.

Argued Oct. 2, 1914. Appeal, No. 68, Oct. T., 1914, by defendant, from judgment of C. P. Westmoreland Co., May T., 1913, No. 177, on verdict for plaintiff in case of Amelia Lee v. The Baltimore and Ohio Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before DOTY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,400, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and to enter judgment for defendant, n. o. v.

*Edward E. Robbins,* with him *A. M. Wyant,* for appellant.—The deceased was guilty of contributory negligence: Goller v. Baltimore & Ohio R. R. Co., 229 Pa. 412; Struble v. Penna. Co., 226 Pa. 118; Myers v. B. & O. R. R. Co., 150 Pa. 386; Yersack v. Lackawanna & Wyoming Valley R. R. Co., 221 Pa. 493; Harper v. Pittsburgh, Etc., Railroad Company, 219 Pa. 368; Roberts v. Pennsylvania R. R. Co., 238 Pa. 404; Besecker v. D., L. & W. R. R. Co., 220 Pa. 507.

*John E. Kunkle,* with him *J. Harry Pershing,* and *Christ. C. Walthour,* for appellee.—The deceased was not guilty of contributory negligence: Frey v. Penna. R. R. Co., 244 Pa. 443; Schmidt v. Philadelphia & Reading R. R. Co., 244 Pa. 205; Dunn v. Philadelphia R. T. Co., 244 Pa. 176; Lodge v. P. & L. E. R. R. Co., 243 Pa. 10.

OPINION BY MR. CHIEF JUSTICE FELL, October 26, 1914:

At the place where the plaintiff's husband was killed there was a double track road, on the north side of which was a station from which a plank walk sixteen feet wide extended across the tracks to a platform on the south side which was uncovered and afforded no protection from cold or storm. It was the custom for passengers for trains that arrived on the southernmost track to remain in the station house until the train was in sight and then to walk on the crossing over both tracks to the platform where passengers were received and discharged. The deceased on a dark and stormy night purchased a ticket at the station and waited there until some one announced that the train, which was behind time, was coming. He then with a number of other persons proceeded in the usual way over the crossing to reach the platform, which was the only place from which they could enter the train. As he was stepping on the platform he was struck by a loose engine which was running on the southernmost track in advance of the passenger train at the rate of thirty or more miles an hour.

The errors assigned are the refusal of the court to direct a verdict for the defendant and the refusal to enter judgment for it, non obstante veredicto. The negligence of the defendant in running an engine at a rapid rate on a track which passengers were required to cross and at a time when a passenger train was due on it is not disputed. The main contention on behalf of the defendant is that the deceased was negligent in crossing the track in front of an approaching engine that he could have seen for a distance of 700 feet, and that the case is within the rule announced in Carroll v. Penna. R. R. Co., 12 W. N. C. 348, and Myers v. Balto. & Ohio R. R. Co., 150 Pa. 386, and followed in a long line of decisions, that one who goes in front of a moving train which he saw or was under a duty to see will be ad-

judged negligent. The deceased was using the means provided to reach his train and in following the usual custom he was doing what he was expected to do. He was under a duty to look for the regular train he intended to take, in advance of which he was crossing, and presumably he did look. If he saw a headlight he would naturally suppose that it was on the engine of the regular train which was then due. That he had ample time to cross in advance of that train appears from the fact that he was at the edge of the platform when struck by an engine that ran many times as fast as the regular train would ordinarily run when approaching the station. He assumed the risk of the danger he had reason to apprehend but not that of which he had neither knowledge nor means of knowledge and to which he 'was exposed by the defendant's negligence.

The judgment is affirmed.