# Lynn *v.* Pittsburgh & Lake Erie Railroad, Appellant.

*Negligence—Railroads—Passengers—Station — Crossing tracks on grade at station—Contributory negligence—When for jury and when matter of law—Reasonable care—Duty to look—Difference between stepping on or off track—Speed.*

1. An arriving or departing passenger need not stop, look and listen before he crosses the tracks of a railroad company at a point provided by it for the use of such passengers.

2. Such passenger is entitled to the same high degree of care which the railroad company is required to give to those actually riding in its cars.

3. But this does not relieve the passenger from the exercise of reasonable care; he must look for the coming of trains while crossing the tracks, and if he fails to do so and is struck while in the act of stepping in front of a moving train, he will be held guilty of contributory negligence.

4. Under such circumstances, if he is struck when stepping from the track it is usually for a jury to say whether or not he was guilty of contributory negligence, especially if there was anything to prevent him from seeing or hearing accurately.

5. The reason for the distinction is that one to whom a high degree of care is due, will not be punished because he did not nicely calculate the relative speed of himself and the train which struck him.

6. If there were evidence that the sight or hearing of the approaching train was obscured or prevented, the case would be for the jury: Struble v. Penna. Co., 226 Pa. 118.

42    LYNN *v.* PITTSBURGH & L. E. R. R., Appellant.

Argued March 8, 1920. Appeal, No. 2, Oct. T., 1920, by defendant, from judgment of C. P. Westmoreland Co., Feb. T., 1918, No. 468, on verdict for plaintiff, in case of Mary Lynn v. Pittsburgh & Lake Erie Railroad Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass for death of plaintiff's husband. Before MC-CONNELL, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was, among others, refusal of defendants' motion for judgment n. o. v.

*William S. Rial*, with him *Reed, Smith, Shaw & Beal*, for appellant.—The judgment should be reversed because deceased was negligent in crossing defendant's tracks in front of the approaching train, which killed him and which the deceased saw, or could have seen, had he exercised any care; the case is ruled by Carroll v. Penna. R. R., 12 W. N. C. 348; Myers v. Balto. & Ohio R. R., 150 Pa. 386; Goller v. R. R. Co., 229 Pa. 412; Lebrenz v. Penna. R. R., 240 Pa. 495, and Leard v. Penna. R. R., 255 Pa. 289, and it is not ruled by Lee v. Balto. & Ohio R. R., 246 Pa. 566.

The accident did not happen upon a dark and stormy night, but in daylight, with no interfering weather conditions; there was no announcement of the train; the deceased was struck as he stepped upon the track and not as he was stepping upon the platform, and there was neither necessity nor invitation warranting him in walking in front of the approaching train. Therefore, the inapplicability of the Lee case clearly appears and, moreover, it appears by the undisputed testimony of plaintiff's witnesses.

*Adam M. Wyant,* with him *Samuel R. Sorber* and *John M. Horn,* for appellee.—The controlling facts in this case are substantially the same as the facts in the case of Lee v. B. & O. R. R., 246 Pa. 566, and the trial judge properly held that the principle of this case is ruled by the Lee case.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1920:

At Smithton Station the defendant company has two main tracks, running parallel with the Youghiogheny river, and used by both express and accommodation trains. On the river side there is no shelter for passengers, but on the opposite side of the tracks there is a station building in which the ticket office is located. Looking eastwardly, up the river, the tracks are curved, but the court below correctly states, in its opinion, that "one standing in front of the station building could see in that direction approximately 250 feet, . . . . one standing at [the nearest main] track rail could see the tracks up the river for a distance of 350 feet, and [to one standing at], the nearest rail of the westbound track . . . . . . it would be possible . . . . . . to see an approaching train from that direction 450 feet." There is no way of getting from the station to or from the westbound trains except by crossing the tracks at grade, defendant having constructed a slag platform in front of the station, across the tracks and along the river, forming thereby a reasonably level passageway which for many years, those approaching and leaving the trains had been invited to and did use. There was no employee stationed at this point to give notice of the arrival and departure of trains; but the law does not require that there should be either here or elsewhere, and though our reports show much loss of life has resulted for want thereof, the remedy must be sought in the legislature and not in the courts.

On the day of the accident plaintiff and her husband came to Smithton Station intending to take a westbound accommodation train. They purchased tickets and

seated themselves in the station awaiting the arrival of their train, which was due to reach this point at 7:10 a. m., but, according to the railroad schedule, was to be preceded by an express train at 6:35 a. m. On this day, however, both trains were late, and the accommodation train was held on a switch, some distance above the station, to await the passage of the express. Of these facts they were not advised, and hence remained seated until they heard a whistle up the track signifying a train was approaching. About the same time an employee of defendant exclaimed "There comes the high wheels," meaning to indicate the approach of the express train, the engine of which has larger driving wheels than those of an accommodation train. So far as appears, no one asked an explanation of this statement, but plaintiff, her husband and the other intending passengers, left the station and started to cross the tracks.

It had been raining earlier in the day, but at this time there was nothing to obstruct decedent's view. Apparently in the belief that the approaching train was the one he intended to take, and would slow down in order to stop at the station, thereby giving him time to cross in safety, he started across without looking at the train, or if looking without heeding its coming; and just as he lifted his foot to step on or over the near rail of the westbound track he was struck by the engine and received injuries from which he died.

It is admitted there was ample evidence the defendant company was negligent; and the only question before us is whether or not decedent was guilty of contributory negligence. The court below held the evidence did not so clearly establish it as to justify the binding instructions, requested by defendant, and hence submitted the case to the jury, which rendered a verdict for plaintiff, and judgment being entered thereon this appeal followed.

It is undoubtedly true decedent was not required to stop, look and listen before starting to cross the tracks

(Pennsylvania R. R. v. White, 88 Pa. 327; Betts v. Lehigh Valley R. R., 191 Pa. 575; Besecker v. Delaware, Lackawanna & Western R. R., 220 Pa. 507; Weisenberg v. Lackawanna & Wyoming Valley R. R., 237 Pa. 33), and was entitled to receive from defendant the same high degree of care which it is required to give to passengers actually riding in its cars (Keifner v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 223 Pa. 50); but neither these legal conclusions, nor the fact that he was crossing the tracks at a time and place and in the way defendant invited him to cross them—though matters to be given full weight in determining whether or not he was negligent—relieved him "from the exercise of reasonable care": Yevsack v. Wyoming Valley R. R., 221 Pa. 493, 496; Keifner v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., supra; Struble v. Pennsylvania Company, 226 Pa. 118. It is true also that the question whether or not he did exercise such care is ordinarily one for the jury (Besecker v. Delaware, Lackawanna & Western R. R. Co., supra), and generally it has been left to that tribunal for determination when plaintiff was "not struck when he stepped upon the track, but he was in the act of stepping from the track": Keifner v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 223 Pa. 50, 55. The reason why this rule is applied in the latter class of cases is because a passenger must not be put to a nice calculation of the relative speed of himself and a fast moving train, when he has no reason to look for any other than the one he expects to enter, which must slow down on approaching the station in order to stop there.

In the present instance, however, decedent does not appear to have exercised any care. He knew the place where he was walking was dangerous; he knew trains, both fast and slow and traveling in both directions, were using those tracks; and, as has been stated, he was obliged to exercise such care as the knowledge he had and the circumstances of his position called for an ordi-

narily prudent man to exercise. Had he done so he would have seen the train coming and the possibility of a collision with it. True, he may not have known, when he first saw it, or could have seen it, whether it was traveling fast or slow, and for that reason had the right to assume for the time being that it was the train he expected to take, and would slow up as it neared the station, and hence was not then required to stop in order to allow it to pass. But ordinary prudence called upon him to watch its approach. If he had done this he would have seen it was bearing down upon him at a rate of speed which negatived his prior belief on the subject; and, certainly, before he lifted his foot to step upon the track, he would have known it was right upon him. Under these circumstances we cannot but hold he was guilty of contributory negligence.

It is not necessary for us to determine the controversy of the parties as to whether Lebrenz v. The Pennsylvania R. R., 240 Pa. 495, or Lee v. Baltimore & Ohio R. R., 246 Pa. 566, is most nearly like the present case, or are compatible with each other or with our other decisions. The fact of being struck in the immediate act of stepping in front of a rapidly moving train did not appear in either of them, nor, so far as we have been advised, has recovery ever been allowed under such circumstances, where the party injured or killed was not about to enter or was leaving a standing train, except Struble v. Pennsylvania Co., 226 Pa. 118, above noted, wherein, speaking by the present Chief Justice, we held plaintiff there could not be held guilty of contributory negligence as a matter of law, because his sight and hearing of the approaching train might have been and the jury found was obscured or prevented by another train emitting large quantities of smoke and making much noise. We would again so hold if this or any other real excuse appeared in the present case; but the only explanation here attempted is that decedent was under no obligation to look, because he probably thought the approaching

train would slow up before reaching the station. This explanation is not a legal excuse, but is rather an admission of a neglect to exercise any care.

The judgment of the court below is reversed and judgment is here entered for defendant.