## Dahl, Appellant, *v*. Pennsylvania Railroad Co.

*Negligence—Railroads — Contributory   negligence — Passenger crossing tracks at station—Death—Nonsuit.*

1. Although arriving and departing passengers are not under all circumstances obliged to stop, look and listen before crossing tracks at a railroad station in boarding and leaving trains, this rule does not relieve them from the use of reasonable care.

2. Where a passenger hears the crossing signals at a station, but crosses the tracks in front of the train which he desires to take, and is killed, he is guilty of contributory negligence, and the railroad company is not liable for his death. Lynn v. P. & L. E. R. R., 267 Pa. 41, followed.

Argued October 11, 1922. Appeal, No. 112, Oct. T., 1922, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1921, No. 1261, refusing to take off nonsuit in case of Anna M. Dahl v. Pennsylvania Railroad Co. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to remove. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*J. Thomas Hoffman,* for appellant.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee, were not heard.

PER CURIAM, January 3, 1923:

Plaintiff sued to recover damages for the death of her husband. The court below entered a compulsory nonsuit, which it subsequently refused to take off and this appeal followed.

The facts in brief are these: Adolph M. Dahl, the husband, while crossing the tracks of defendant company at a grade crossing at Verona Station, on September 16, 1920, intending to take the 7:30 a. m. train to Pittsburgh, the place of his employment, was struck and killed by an engine to which was attached a caboose car, preceding the train on which deceased purposed becoming a passenger. The witnesses called by plaintiff each testified they either heard the warning whistle of the approaching engine or the ringing of the bell as the engine came toward the crossing; in fact, Dahl, himself, heard the warning as he remarked to an acquaintance with whom he was conversing "That's my train coming," and started to cross the tracks to the station. Other witnesses who saw him on the crossing called to him to "Look out" and others said he was "within a foot of clearing the track when struck," all of which indicates he walked in front of the train and in doing so failed to exercise reasonable care.

Although arriving and departing passengers are not under all circumstances obliged to stop, look and listen before crossing tracks at a railroad station in boarding and leaving trains (Weisenberg v. R. R. Co., 237 Pa. 33, 35) this rule does not relieve the passenger from the use of reasonable care: Lynn v. P. & L. E. R. R., 267 Pa. 41.

A careful examination of the testimony clearly establishes the contributory negligence of deceased and brings this case within the rule laid down in Lynn v. P. & L. E. R. R., supra, and cases there cited.

The judgment is affirmed.