MARIA A. MORELAND *vs.* BOSTON AND PROVIDENCE RAIL-
ROAD CORPORATION.

Suffolk. Nov. 11, 1885. — Jan. 12, 1886. DEVENS & GARDNER, JJ.,
absent.

A railroad corporation is not bound to exercise the same care towards a passenger
who is passing through the station grounds on his way from a train to the high-
way, that it is under obligation to exercise while the passenger is in the train ;
and in an action by a passenger, who was injured by stepping on some shingles
lying on the station grounds, an instruction that the railroad corporation was
bound to take every possible precaution against injury to the plaintiff, and was
liable if human foresight could have prevented it, is erroneous.

TORT for personal injuries occasioned to the plaintiff by the
alleged negligence of the defendant. At the trial in the Supe-
rior Court, before *Rockwell,* J., the jury returned a verdict for
the plaintiff ; and the defendant alleged exceptions. The facts
appear in the opinion.

*G. Putnam & J. Fox,* for the defendant.

*J. E. Cotter,* ( *C. F. Jenney* with him,) for the plaintiff.

W. ALLEN, J. The plaintiff, while passing from the train, on
which she was a passenger on the defendant's railroad, to the
highway, over the platform and station grounds, stepped upon
some loose shingles which had been left on the ground by the de-
fendant while shingling its station-house, and fell and was hurt.
The plaintiff contended, and the defendant denied, that the de-
fendant was negligent in permitting the shingles to remain there;
and both parties asked instructions as to the degree of care
which the defendant was bound to exercise in the matter. The
plaintiff asked instructions to the effect that the defendant was
bound, as a common carrier of passengers, to exercise the utmost
care and diligence in providing egress from its premises ; that it
was liable if the plaintiff was injured through the existence of an
obstruction on the premises, which might have been guarded
against by the utmost care and foresight on the part of the de-
fendant; and that it was the duty of the defendant to provide for
its passengers a reasonable and safe opportunity to pass from its
premises, and to take means to prevent any injury to them while
so passing which human care and foresight could guard against.

The defendant requested instructions to the effect that the duty of the defendant was to see that the approaches to the station were reasonably safe and convenient; that its duty in that respect to its passengers did not differ from its duty to other persons than passengers having business at its stations, or from the duty of other owners of buildings towards persons having business therein. .

The presiding justice read these requests to the jury, and, in answer to them, gave the instruction that, in case the plaintiff has the rights of a passenger, "she is entitled to all the care which human foresight can furnish her;" and, at the close of his charge, as a summary and repetition of the law and instructions upon the matters of the prayers, told the jury that, if the plaintiff had been a passenger on the defendant's railroad, and was passing from the train to the highway over the platform and grounds, "the defendant was bound to be in the exercise towards her of such care and diligence as could reasonably be exercised to protect her from such injuries as human foresight could anticipate and prevent."

Taking the instructions given, in connection with the requests for instructions by the parties, the jury may well have understood that the defendant was bound to take every possible precaution against the plaintiff's injury, and was liable if human foresight could have anticipated and prevented it. The former instruction expressly referred to the degree of care; the latter, taken by itself, would refer to the object rather than the degree of care, as does so much of it as is taken from *Ingalls* v. *Bills*, 9 Met. 1. But the context forbids that meaning, and, if taken by the jury as an attempt to define what degree of care was due and reasonable in the matter, it would probably confirm — in no view could it control — the former instruction.

The former instruction is clearly erroneous. The latter, if its meaning is that the defendant was bound to use reasonable care to prevent injuries that could be prevented, was immaterial, as it gave no rule of reasonable care; if its meaning is that the defendant was bound to use such care as would prevent injuries which could be prevented, it was, in substance, the same as the other, and equally erroneous. If the language could be construed to intend only the rule of care required of passenger carriers in

the carriage of passengers, as laid down in *Ingalls* v. *Bills, ubi supra, Warren* v. *Fitchburg Railroad*, 8 Allen, 227, and *White* v. *Fitchburg Railroad*, 136 Mass. 321, it would be erroneous. The degree of care is not fixed solely by the relation of carriers and passengers; it is measured by the consequences which may follow the want of care. A railroad company is held to the highest degree of care in respect to the condition and management of its engines and cars, because negligence in that respect involves extreme peril to passengers, against which they cannot protect themselves. It would not act reasonably if it did not exercise greater care in equipping and running its trains than in regard to the condition of its station grounds.    *Exceptions sustained.*