## NICHOLAS SPANNAGLE
## v.
## CHICAGO AND ALTON RAILROAD COMPANY.

*Railroads—Personal Injuries—Passengers—Contributory Negligence—
Evidence—Instructions.*

1.    The purchase of a round trip ticket does not create the relation of
carrier and passenger as to any particular train.

2.    In the absence of an express contract, a person must place himself in
charge of a railroad company in order to make it liable for an injury to him
as a passenger.

3.    A carrier is not called upon to hold its trains for any person not in
the relation to it of a passenger.

4. A person attempting to board a moving train is guilty of gross negligence.

5. Where the evidence is insufficient to warrant a verdict for the plaintiff, the court should so instruct the jury.

[Opinion filed March 1, 1889.]

IN ERROR to the City Court of East St. Louis, St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Mr. M. MILLARD, for plaintiff in error.

Messrs. LUKE H. HITE and WILLIAM BROWN, for defendant in error.

The courts have held universally that the relation of passenger and carrier is contractual in character; that the contract may be either express or implied, and that the contract to carry is implied when one goes to the appropriate place at the proper time and in some effectual way notifies the carrier of his desire to be carried. This may be done in any manner which will indicate to the company the wish of the person to take the train, such as the entry of the waiting room, the avowal of the wish or the purchase of a ticket, or any like action. In such case the company is presumed to consent to carry, and the promise to give a reasonable time for the passengers to enter the train is implied in law. There is no pretense of any express contract. Thus, in the absence of an express contract, the acts and circumstances from which the law will imply the contract to carry, the relation of passenger and carrier did not exist between the parties, and appellee could have no cause for action.

Appellant's own testimony shows that he did not give this notice; that the agent did not know he wished to take the train; that he did not buy a ticket there; that he did not go into the waiting room and await the coming of the train; that he did not in any way signify to any of the agents or servants of the appellant that he wished to become a passenger, but, on the contrary, he went by the depot and took refuge and consolation in beer drinking in a saloon at a distance, how far

makes no difference, away from the depot and grounds of appellant. He says he heard the train and ran to it as hard as he could go; left a glass partly consumed, and got on to platform and seized railing of car just as it was starting. He saw no one but the engineer in his cab.

He elected to take a saloon as his waiting place, away from the depot, and did not avail himself of the depot, and consequently acquired no rights which attend the action of those who become passengers by going to the places provided for their accommodation by the railroad, and by such action give implied notice which binds the company to their care and protection. His mere intention to take passage does not create the relation. He should have put himself within the carrier's protection. Hutchinson on Carriers, Secs. 562, 563.

He did not so much as "hold up his finger" as notice of his wish, as in Brien v. Bennett, 8 Car. & P. 724.

These positions we regard as well founded and thoroughly established; and since these facts all affirmatively appear in the testimony of appellant, the court did right in instructing the jury to find for the defendant.

The rule of this State is: "Although there may be some evidence tending to support the plaintiff's case, yet, when the evidence given at the trial, with all inferences which the jury could justifiably draw from it, is so far insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant."

Simmons, Adm'x, v. C. & T. R. Co., 110 Ill. 340: "When the whole of the evidence for the plaintiff, if believed by the jury, is so insufficient to support a verdict in his favor that the court would not permit one to stand, it is the duty of the court to instruct the jury, as matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff. Such an instruction, answering the purpose of demurrer to the evidence, must be tested by the same rules. Phillips v. Dickerson, 85 Ill. 11."

The doctrine laid down in Simmons v. C. & T. R. Co., *supra*, has been referred to and approved in the following

cases: C., B. & Q. R. Co. v. Smith, 18 Ill. App. 119; Dechert v. I., B. & W. R. Co., 17 Ill. App. 74; L. S. & M. S. R. Co. v. O'Connor, 115 Ill. 254; Bartelott v. International Bank, 119 Ill. 259.

In the latter case the court use this pointed expression upon the term "evidence tending to prove": "Since it was not intended in this case to overrule Simmons v. Chicago & Tomah R. R. Co., *supra*, it is apparent that 'evidence tending to prove' means more than a mere scintilla of evidence, but evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff, or the party producing it."

PHILLIPS, J. Plaintiff in error brought suit to recover damages for injuries received in an attempt to get aboard the train of defendant in error at Mitchell, a station on defendant's road.

The evidence shows at that station a depot was provided with a warm, lighted room, supplied with seats, for the accommodation of passengers awaiting the arrival of trains. An agent was in charge of that depot, and then present. Defendant's train, passing at the time of the injury, was not on time.

The plaintiff claims he was injured by reason of the train not remaining at the depot platform long enough to afford sufficient time for passengers to get aboard. To determine that question, the relation between plaintiff and defendant is of importance in determining the duty of the defendant. The relation between passenger and carrier is contractual. It was the duty of the plaintiff, if he desired to become a passenger on defendant's cars of that train, to become such passenger by express or implied contract. The plaintiff claims that he had left East St. Louis that evening, having purchased a round trip ticket; but that fact did not create the relation of passenger and carrier with reference to this train. No express contract being shown, before a duty rested on the defendant the plaintiff must in some manner indicate his purpose of becoming such passenger, and place himself in charge

of the carrier.  He gave no notice to the agent of the company, nor did he seek the room provided for passengers to await the arrival of the train to indicate his purpose, or in any manner place himself in care of the carrier.  The train arrived at the platform and one passenger, who was in the waiting room, took the train, which stopped long enough for him to get aboard.  The plaintiff was at a boarding house and saloon, between two and three hundred feet from the depot, and from eighty to one hundred feet from the nearest point of the platform.  When he became aware of the approach of the train he endeavored to reach the depot to take the train and arriving at the platform after the train was in motion endeavored to get aboard, and was injured.  Not having placed himself in care of the carrier, there was no relation between him and the carrier by which it became the duty of the carrier to hold its train for any length of time.  For any injury he received while endeavoring to get aboard the train while in motion he must seek redress as a stranger.  His act in this regard was gross negligence.

The trial court instructed the jury to find the defendant not guilty, and judgment was entered against the plaintiff for costs.  Plaintiff sues out this writ of error, and insists the evidence should have been left to the jury.  In Simmons v. C. & T. R. R. Co., 110 Ill. 340, it was held: "When the whole of the evidence, if believed by the jury, is so insufficient to support a verdict in his favor that the court would not permit one to stand, it is the duty of the court to instruct the jury, as a matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff."  The rule here declared has been approved by the Supreme Court in L. S. & M. S. R. R. Co. v. O'Conner, 115 Ill. 234; Bartelott v. International Bank, 119 Ill. 259.

In Quinn v. I. C. R. R. Co., 51 Ill. 495, it was held: "It is urged, however, that the question should have been left to the jury.  The practice adopted by the court can not be safely followed in many cases.  Whenever there is evidence tending to prove the issue, the plaintiff has a right to take the verdict of a jury; but if this had gone to the jury, and they

had found for the plaintiff, the court should have set aside their verdict, or, if it had refused to do so, it would have been done by this court. As no injustice has been done the plaintiff we can not reverse the verdict." To the same effect is Willson v. Williams, 14 Wend. 148. It was said by the Appellate Court of this district, in Taylor v. D. O. & O. R. R., 10 Ill. App. 311: " Where a verdict is shown by the evidence to be so clearly right that had it been otherwise the court would have set it aside, such verdict will not be disturbed merely for the reason there is error found in the instructions. In such a case it appears affirmatively that the party was not injured by such error, and hence has no right to complain. We regard a portion of defendant's instructions as being manifestly erroneous; but is the verdict so clearly right that had it been in favor of plaintiff in error we would be required to reverse and refuse to permit it to stand? If so, then this judgment should be affirmed; but if not, then it must be reversed." To the same effect is Burling, Adm'x, v. I. C. R. R., 85 Ill. 18. In this case it appears from the evidence the plaintiff was not entitled to recover; the verdict was right; and even if there was error in the instruction the judgment should stand.

The other question presented is upon the admissibility of evidence offered for defense; that evidence did not and could not affect the verdict under the instruction of the court. The judgment is affirmed.            *Judgment affirmed.*