## Chicago & Grand Trunk Railway Co. v. Homer M. Stewart.

1. QUESTIONS OF FACT—*Province of the Jury.*—Where questions of fact are presented to the jury, if they are clearly and properly instructed, and no material errors occur in the rulings of the court upon the trial, the verdict, if uninfluenced by passion or prejudice, should not be disturbed, even though this court, if sitting as jurors, might have reached a different conclusion.

C. & G. T. Ry. Co. v. Stewart.

2. RAILROAD COMPANIES—*Care of Station Arrangements.*—The degree of care required of railway carriers, in respect to its station arrangements, is not so great as in respect to its tracks and running machinery; in such cases the carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended.

3. SAME—*Who are Passengers.*—So long as a person who merely proposes to be carried is at liberty to change his mind, he is not a passenger, and for an injury which he may sustain through the negligence of the carrier, he must seek redress as a stranger.

4. NEGLIGENCE—*Attempting to Get upon a Moving Train.*—Attempting to get upon a moving train may be negligence which prevents the person injured in so doing from recovering for any accident that may happen in consequence thereof.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Reversed and remanded. Opinion filed May 31, 1898.

STATEMENT.

This is an action to recover for personal injuries received by appellee the forenoon of March 4, 1892. The accident occurred at Mt. Olivet station upon the defendant's road, where appellee had gone to attend a funeral. Returning to the station from the cemetery, appellee was struck by a train approaching from the south, due to leave Mt. Olivet station at 2:40 P. M. His version of the accident is that he was walking upon the grounds of appellant toward the station, in company with others, upon loose planks laid parallel with the tracks, when the unexpected approach of the train caused a man behind him on the south end of the same plank to jump away from the track, and in doing so give the plank a movement which, it is claimed, " slewed " it from under appellee's feet, throwing him against the moving train. He claims to have been struck on the jaw with such force as to jerk his legs upon the rail in front of the rear truck of the passing car, which ran over his right leg necessitating its amputation below the knee. The planks in question are alleged by appellee to have been from twelve to fourteen feet long, and to have extended from the street

to the depot, three layers in width, and to have been laid loosely in the mud. Appellee says he was about thirty feet from the depot, walking upon the plank nearest the rail, and about two feet from it. He says he was unaware of the approach of the train, which was in plain view from a long distance, and advancing at a rapid rate, until some one called " Look out ! " and was then immediately thrown against it in the manner stated.

Appellant's testimony is to the effect that there were no such planks there, and that appellee received his injuries in an effort to get on to one of the cars of the moving train.

SAMUEL A. LYNDE, attorney for appellant.

MASTERSON, FOWLER & HAFT, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

There is such a radical conflict of testimony in this case that no good purpose can be subserved by its discussion. The questions of fact were presented to the jury, and if the latter were clearly and properly instructed, and no material errors occurred in the rulings of the Superior Court upon the trial, the verdict of the jury, if uninfluenced by passion or prejudice, should not be disturbed, even though if sitting as jurors, we might have reached a different conclusion.

It is urged by appellee that the Superior Court erred in refusing to permit the company's counsel to recall two of appellant's witnesses after the latter's counsel had rested their case, but before any witness had been called for the defense. The questions proposed to be put to these witnesses were no doubt proper in themselves, but the court refused to allow them to be put, on the ground that it was too late. If this was an abuse of the discretion of the trial court, the objection is one that will not arise upon another trial, and can be obviated by putting the questions at the proper time.

It is insisted that there was error in the second and fourth instructions given on behalf of appellant.

The first of these instructions told the jury that it was the duty of the railroad company to maintain its depot grounds and approaches "in a reasonably safe condition and free from obstructions which would render the grounds dangerous or unsafe." It is said that this was erroneous in this case, inasmuch as the railroad company is only required to exercise ordinary care to so maintain them. In Hutchinson on Carriers, 521a, it is said that "the degree of care required of railway carriers in respect of its stational arrangements, is not so great as in respect of its tracks and running machinery. * * * The rule in such cases is that the carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended." It is no doubt true that if, with a full knowledge of the facts, the railway company permits an unsafe and dangerous means of getting to and from the station to be used, it is liable for an injury arising therefrom, whether it provided or constructed the dangerous way itself or not. Idem., Sec. 519. But in the accessories to its business, such as stations or depots and approaches thereto, the obligation of the company is to use ordinary care except where the relation of passenger and carrier exists. T. W. & W. R. W. Co. v. Grush, 67 Ill. 262, 264; Tucker v. Champaign Co. Agricultural Board, 52 Ill. App. 316–321; I. C. R. R. Co. v. Hobbs, 58 Ill. App. 130.

In the last of the cases cited (I. C. R. R. Co. v. Hobbs) it is said : "The care required as to the platform was ordinary and not extraordinary."

The possession of a round-trip ticket, regularly purchased, would not create the relation of passenger and carrier with reference to the train by which the injury was inflicted. It was so held in Spannagle v. C. & A. R. R. Co., 31 Ill. App. 460, a case where the facts were, in some respects, similar to the theory of the defense in this case. The relation of carrier and passenger had not been established at the time of this accident, under the evidence introduced to sustain either theory of the facts. It is said in Hutchinson on Carriers, Sec. 562, that "so long as the

person who merely proposes to be carried is at perfect liberty to change his mind, he is not a passenger, and for any injury which he may sustain through the negligence of the carrier, he must seek redress as a stranger."

In Moreland v. Boston & Prov. R. R. Co., 141 Mass. 31, it is held that "the degree of care is not fixed solely by the relation of carriers and passengers; it is measured by the consequences which may follow the want of care. A railroad company is held to the highest degree of care in respect to the condition and management of its engines and cars, because negligence in that respect involves extreme peril to passengers, against which they can not protect themselves. It would not act reasonably if it did not exercise greater care in equipping and running its trains, than in regard to the condition of its station grounds." In that case the passenger was injured while passing from a train by slipping on some loose shingles left on the ground by the defendant company when shingling its station house.

In Kelly v. Manhattan R. Co., 112 N. Y. 443, a passenger was injured in descending the stairway from the station. The court, after stating that the rule required from the railroad company in its capacity as carrier of passengers, the exercise of the utmost care, so far as human skill and foresight may go, says: "But in the approaches to the cars, such as platforms, halls, stairways and the like, a less degree of care is required, and for the reason that the consequences of a neglect of the highest skill and care which human foresight can attain are naturally of a much less serious nature. The rule in such cases is that the carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended."

In view of the controversy over the facts in relation to how the accident occurred, we regard it as erroneous to tell the jury, in effect, that it was the absolute duty of the railroad company to maintain its depot grounds and approaches in such a condition as to be free from obstructions, which would, under any circumstances, be dangerous and unsafe. There was no evidence of any obstructions there. These

planks were in no sense obstructions according to the evidence. The necessary movement of trains, the handling of baggage or freight, and the movements of passengers themselves, may at times create temporary conditions of danger at certain places to persons not themselves exercising proper care. If the railroad company has used ordinary care in view of the dangers to be apprehended, it would not be liable. The objection to the two instructions complained of, is, we think, in this case, well founded.

The counsel for appellant requested the court to instruct the jury, that if they believed from the evidence that the appellee was endeavoring to get upon the moving train at the time, and was injured in consequence of such attempt, he was guilty of negligence and could not recover; that it is negligence for a person who is intending to become a passenger, to attempt to get on a railroad train impelled by steam while it is in motion.

Our Supreme Court has held in a number of cases, that to get off a moving train is negligence, and has likewise held that the same principle should be applied to one injured in getting on a moving train. C., R. I. & P. Ry. Co. v. Eininger, 114 Ill. 84; Cicero St. Ry. Co. v. Meixner, 160 Ill. 320, 324 and cases there cited.

There was evidence introduced in support of appellant's contention, that appellee received his injury by attempting to get on the train before it stopped at the station. The court refused to give these instructions, but did attach a proviso to the second and fourth instructions above referred to, which were given on behalf of the appellee. After stating the duty of the company to be, to maintain its depot grounds in a reasonably safe condition and free from obstructions, which would render them dangerous or unsafe, the instruction concluded as follows: "Provided you do not believe from the evidence that he was attempting to get on the moving train, if it was moving, and thereby received his injury."

Inasmuch as this involved an actual and vital issue in the case, it was important that the jury should be clearly and

unambiguously instructed thereon. The proviso was, no doubt, a proper modification to be added to the two instructions given for appellee. But it may well be doubted whether, when given in that form, it so distinctly called the jury's attention to the principle of law applicable as to justify the refusal of its direct statement. It certainly did not instruct them that the attempt to get on the moving train, if made, was negligence, and that if the injury was thereby caused, the appellee was not entitled to recover. It is a commendable practice for the trial court to abbreviate and condense, so far as possible, the often too numerous instructions presented by overzealous counsel, and among which substantial duplicates are frequently found. But in this case, we are of opinion that the appellant was entitled to have the jury instructed upon the law applicable to its theory, as to the way in which the injury was caused.

Appellant was entitled to have the law, bearing upon the question as to contributory negligence, clearly presented to the jury, and claims that this was not done. The objection will no doubt be obviated upon another trial, and we do not deem it necessary to extend this opinion by re-stating well-known principles.

The judgment is reversed and the cause remanded.