NELLIE J. WARD *vs.* BOSTON TERMINAL COMPANY.

Norfolk.   May 15, 1934. — May 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of proprietor of railroad terminal.

The proprietor of a railroad terminal station properly was found liable in an action of tort for personal injuries sustained by one who had arrived at the terminal on a train and, when walking across a concourse to a waiting room, fell when a substance was propelled toward him and under his feet by an employee of the defendant, eleven feet away, who in the scope of his employment was sweeping with a long-handled brush, "sweeping very fast, doing his work as fast as he could."

TORT.   Writ dated March 20, 1929.

In the Superior Court, the action was tried before *Macleod,* J. Material evidence is described in the opinion. The judge denied a motion that a verdict be ordered in favor of the defendant. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged an exception.

*E. J. Phillips,* for the defendant.

*H. T. Patten,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks in this action of tort to recover compensation for personal injuries sustained as a result of a fall on the concourse of the defendant. There was evidence tending to show that the plaintiff, having arrived in the South Station on a train, was walking across the concourse toward the waiting room, and met a man with a long-handled brush "sweeping very fast, doing his

work as fast as he could"; that something from the brush came right toward her and under her feet and she fell; that one or two coming from the other direction stepped over it; that the piece that went under her feet was about half the size of the palm of her hand and was of a "lightish" color, as thick as an inch or as thick as the palm of her hand; that she was about eleven feet away from the man with the broom; that the object "slid from the sweeping" and was something heavy. There was evidence to justify the jury in finding that the sweeper was in the employ of the defendant, and at the time of the accident was acting within the scope of his employment and was engaged in the defendant's business. There was evidence also that the plaintiff sustained serious injuries as the result of the accident.

It cannot be said as matter of law that there was error in the denial of the defendant's request for a directed verdict in its favor. It has not been contended that the defendant did not owe to the plaintiff the duty of exercising ordinary care toward her as an invitee. *Moreland* v. *Boston & Providence Railroad*, 141 Mass. 31. *Frazier* v. *New York, New Haven & Hartford Railroad*, 180 Mass. 427. *Hunt* v. *New York, New Haven & Hartford Railroad*, 212 Mass. 102. The employee of the defendant might have been found negligent in not seeing and removing from the floor an object of the size, weight and nature described in the testimony, and in brushing it along the floor with the force described. The case is distinguishable from cases like *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227, and *Mascary* v. *Boston Elevated Railway*, 258 Mass. 524, where it did not appear that the object which caused the injury had or ought to have been observed by the servants of the defendant.

*Exceptions overruled.*