Wilson, J.
This is an action of tort seeking to recover for personal injuries sustained by reason of the alleged negligence of the defendant in maintaining the passageway in the South Station maintained by the defendant and leading from the train of the New York, New Haven and Hartford Railroad from which the plaintiff, a passenger, had alighted. The answer was a general denial, contributory negligence of the plaintiff, and, also, set up- the defense that the plaintiff’s injuries were caused by acts of third persons for whose conduct the defendant was not responsible.
The court made a special finding that the defendant was a common carrier and found for the defendant.
The evidence in its aspect most favorable to the defendant tended to show that the plaintiff was a passenger on a train of the New York, New Haven and Hartford Railroad, leaving Quincy at about 5:32 P. M. and arriving at the South -Station in Boston a little late; that the train was well lighted *420 and passenger traffic was heavy; that the plaintiff alighted from the train, took a few steps and fell; that she was assisted to her feet and saw she had fallen over a truck, which was one or two steps away from the train step; that the truck was at an angle, one end toward the train; that the platform was dingy and poorly lighted, that it was difficult for her to see; that the platform was crowded with people alighting from the train and others boarding the same train, which was due to leave again shortly after its arrival; that the truck was about two and one-half feet from the train steps; that the truck was empty, the ends of it were about five or six feet high and it was lower in the middle.
Both the plaintiff and the defendant seasonably filed requests for rulings. The plaintiff now claims to be aggrieved because the trial judge gave the defendant’s requests numbered 4 and 9, which were as follows:
“4. If the evidence is insufficient to warrant a finding that the injuries sustained by the plaintiff resulted from an accident which the defendant, its agents or servants, in the exercise of ordinary care ought reasonably to have anticipated and guarded against then the plaintiff is not entitled to recover. . . .
“9. That any duty which the defendant owed the plaintiff at the time and place of the accident extended no further than to exercise reasonable care to maintain its premises in a safe and serviceable condition. ’ ’
Such claim of error is properly before us for consideration upon this record. Muto v. Deslauriers, 292 Mass. 405, 408.
The rulings complained of directed the attention of the trial judge to the rule of law defining the degree of care required of the defendant for the safety of passengers of railroads using* its stations.
The creation of the defendant corporation was authorized by Statute 1896, c. 516. In construing this statute, it was said in Frazier v. New York, New Haven and Hartford *421 Railroad Company, 180 Mass. 427, 431, that it was thereby “intended that it (any railroad using the station) should deliver its passengers to the care of the owner of the union station . . . and the railroad’s liability is at an end when the passenger alights in safety ... to the platform of the station of the Terminal Company. The relation between the . . . railroad companies and the Terminal Company is virtually that between connecting railroads.” See also Hunt v. New York, New Haven, & Hartford Railroad Company, 212 Mass. 102, 105.
The railroads using the South Station, belonging to the defendant, are obliged by the statute above cited to so use it. It seems to us that the responsibility usually upon a railroad to provide a safe egress from its trains is by the statute imposed upon the defendant corporation.
The plaintiff in our opinion was entitled to the protection which the law requires a carrier to provide for its passengers. Bethmann v. Old Colony Railroad Company, 155 Mass. 352. Dodge v. Boston and Bangor Steamship Company, 148 Mass. 207, 214.
The degree of care required of a common carrier of passengers was stated in Gaynor v. Old Colony and Newport Railway Company, 100 Mass. 208, 215, as follows:
“The plaintiff was a passenger, and while that relation existed the defendants were bound to exercise towards him the utmost care and diligence in providing against those injuries which can be avoided by human foresight. He was entitled to this protection, so long as he conformed to the reasonable regulations of the company, not only while in the cars, but while upon the premises of the defendants; and this requires of the defendants due regard for the safety of passengers, as well in the location, construction and arrangement of their station buildings, platforms and means of egress, as in their previous transportation.” See also Warren v. Fitchburg Railroad Company, 8 Allen 227. Mc *422 Elroy v. Nashua and Lowell Railroad Company, 4 Cush. 400. Marshall v. Boston and Worcester Street Railway Company, 195 Mass. 284. Legge v. New York, New Haven, and Hartford Railroad Company, 197 Mass. 88, 89.
In discussing this rule, it was said in Dodge v. Boston and Bangor Steamship Company, 148 Mass. 207, 218:
“Difficulty in the application of this rule has sometimes come from an improper interpretation of the expressions ‘utmost care and diligence,’ ‘most exact care, ’ and the like. These do not mean the utmost care and diligence which men are capable of exercising. They mean the utmost care consistent with the nature of the carrier’s undertaking, and with a due regard for all other matters which ought to be considered in conducting the business. . . . The decree of care is to be the highest; that is, in reference to each particular it is the highest which can be exercised in that particular with a reasonable regard to the nature of the undertaking and the requirements of the business in all other particulars.” See also cases cited. See also Bethmann v. Old Colony Railroad Company, 155 Mass. 352.
We are unable to say whether the trial judge in the instant case had this rule clearly in mind. He gave the plaintiff’s second request:
“2. A carrier must exercise the utmost care and diligence, or the highest degree of care, prudence and foresight for the passenger’s safety.”
and, also, gave the defendant’s fourth and ninth requests above quoted. The defendant’s fourth and ninth requests seem to us to be inconsistent with the plaintiff’s second request. The plaintiff was entitled upon proper requests to have the trial judge instruct himself correctly as to the care demanded of the defendant and to follow that instruction in arriving at his decision.
The case of Moreland v. Boston and Providence Railroad Corporation, 141 Mass. 31, is to be distinguished from the ease at bar. It was said in Dodge v. Boston and Bangor *423 Steamship Company, supra, that the Moreland case “was made to rest upon the inaccuracy of the instructions as to the degree of care required of passengers, and it is not an authority for the defendant in the present case.”
It is to be noted in the Moreland case that the plaintiff fell over some loose shingles left upon the ground while shingling of the station was going on.
In Ward v. Boston Terminal Company, 286 Mass. 517, the plaintiff had proceeded for some distance away from the train and was injured when an employee of the defendant swept something against her. There it was apparently not contended that the plaintiff was more than an invitee of the defendant.
We are of opinion that the manner in which the trial judge dealt with said rulings was error prejudicial to the plaintiff. The case is accordingly remanded to the trial court and a new trial ordered.